Case 7:02-cv-00222-R   Document 110   Filed 08/22/05   Page 1 of 7   PageID 473

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION
FILED
August 22, 2005
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JEFFERY D. WESTBROOK, ) | |
| TDCJ No. 670281, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 7:02-CV-222-R |
| ) | |
| ROBERT R. TREON, *et al.*, ) | |
|     Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Came on to be considered *Defendants' Motion for Summary Judgment* and Plaintiff's response thereto and the Court finds and orders as follows:

After dismissal of the instant complaint and final judgment, Plaintiff filed his notice of appeal. The Fifth Circuit affirmed this Court's judgment as to Plaintiff's claims that he was denied access to the courts, that he was threatened by Defendants, that his conditions of confinement were cruel and unusual, that other prisoners were denied the right to possess photographs, that Defendants tampered with his legal mail, that he was wrongfully classified as a security risk, that he was wrongfully required to undergo Christian based training and that wrongful disciplinary action was taken against him for retaliatory purposes. *Westbrook v. Treon, et al.*, No. 03-10004 (5th Cir. 2003). The Court of Appeals found that, in his original complaint, Westbrook stated colorable claims of retaliation against Defendants Treon, Mooneyham, Watham, Spears and Monroe. That portion of the judgment entered by this Court was vacated and the case was remanded for further proceedings on Plaintiff's claims of retaliation against these five Defendants.

On September 8, 2004, Plaintiff filed a *First Amended Complaint* setting forth his allegations of retaliation against the Defendants remaining in this case as ordered by the Court. Defendants, in

turn, raised the affirmative defense of qualified immunity in their *Answer to Plaintiff's First Amended Complaint*, filed on October 18, 2004, and again in their *Motion for Protective Order*, filed on December 27, 2004. Pursuant to *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) and Federal Rule of Civil Procedure 7(a), Plaintiff was ordered to file a reply to Defendants' defense of qualified immunity. On January 20, 2005, Plaintiff filed his reply. Upon review of Plaintiff's Rule 7(a) reply and the other pleadings referenced therein, the Court found that Defendants were entitled to qualified immunity from suit. Accordingly, Plaintiff's claims for monetary damages against Defendants were dismissed.[1] Remaining in this case are Plaintiff's claims of retaliation on the part of Defendants and his prayer for injunctive relief. *See First Amended Complaint at ¶ VI*.

Westbrook claims that Defendants denied him indigent legal supplies and postage, that he is limited to five legal letters per week not to exceed 25 pieces of paper, that he has been denied a legal locker, that his law books were seized and destroyed and that he was placed on restricted access to the law library, all for purposes of retaliation because he has filed grievances, formal complaints and lawsuits. *First Amended Complaint ¶ V*. Westbrook seeks injunctive relief to "end to all law book seizures and access to courts restrictions." *Id. at ¶ VI*. He also asks the Court to order an end to Defendants' retaliatory conduct. *Id.*

Prison officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.), *cert. denied*, 476 U.S. 1117, 106 S.Ct. 1975 (1986). In order to show retaliation an inmate "must establish (1) a specific

---

[1] *See Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir.1991) ("Neither absolute nor qualified immunity extends to suits for injunctive or declaratory relief under § 1983.").

constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559 (1997). This places a significant burden on the inmate. Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

Defendants argue that Westbrook's allegations of retaliation are conclusory in nature and that the restrictions on his access to the law library and legal materials are a result of Westbroook's own conduct rather than any retaliatory motive on the part of Defendants. *Defendants' Motion for Summary Judgment at p. 6.* The summary judgment evidence presented by Defendants shows that Westbrook has been placed on restricted access to law library materials because he has previously refused to return some materials and because he has previously damaged or destroyed such materials. *Defendants' Summary Judgment Appendix at p.1.* The Affidavit of John Patrick, TDCJ Access to Courts Program Coordinator, indicates that, in the last such incident, Westbrook destroyed three legal research books, 837 S.W.2d 826, 257 F.3d 470 and 169 F.3d 313. *Id.* The affidavit further establishes that Westbrook is on mailing restrictions with regard to special, media and legal correspondence because of his past abuse of the prison mail system. *Id. at p. 2.* Indeed, it appears from Defendants' summary judgment evidence that Westbrook has a propensity to engaged in

vexatious conduct. *See id. at pp. 4-13.* He has been disciplined at least twice for threatening to kill TDCJ employees and he is currently confined in maximum security (administrative segregation) with it's attendant liberty restrictions as a result of his past behavior. *Id.* Thus, according to Defendants' summary judgment evidence, it appears that Westbrook's current situation is one of his own making.

In response to *Defendants' Motion for Summary Judgment*, with regard to his claims of retaliation, Westbrook states that he is on every possible restriction of privileges for punitive and retaliatory reasons. *Plaintiff's Response to Defendants' Motion for Summary Judgment at p. 4.* These restrictions include mail restriction, sealed correspondence restriction, indigent supplies restriction, personal law book restriction and legal materials restriction with no access to the law library. *Id. at pp. 4 & 10.* Plaintiff also claims that disciplinary actions were initiated against him for criticizing the Defendants and that the retaliation continues to increase in frequency, severity and outrageousness. *Id. at pp. 8-10.*

Westbrook's allegations of retaliation are conclusory in nature. He has not presented this Court with any facts which could show that, but for purposes of retaliation, Defendants would not have placed him on restrictions and they would not have taken disciplinary action against him. Additionally, Westbrook has failed to articulate a chronology of events from which retaliation could plausibly be inferred.

Plaintiff argues that documents he repeatedly requested through discovery that were never produced would clearly prove retaliation by Defendants. *Plaintiff's Response to Defendants' Motion for Summary Judgment at pp. 8 & 9.* He argues that Federal Rule of Civil Procedure 56(f) precludes summary judgment when discovery documents are necessary to show a chain of retaliatory events.

*Id.* at p. 17. Unfortunately, Westbrook has failed to identify the documents he repeatedly requested and he has failed to indicate how these unidentified documents could possibly show retaliation. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Certainly, such allegations will not suffice to preclude summary judgment.

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the

nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the

requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(c); *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1119 (5th Cir. 1992).

Plaintiff was afforded ample opportunity to set forth the facts of his case with particularity and he's had ample opportunity to set forth facts which could show retaliatory motives on the part of Defendants. However, he has failed to do so. The summary judgment evidence presented in this case establishes that there are no genuine issues of material fact for trial and that Defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, *Defendants' Motion for Summary Judgment* is GRANTED and Plaintiff's complaint is hereby dismissed with prejudice as frivolous.[2]

A copy of this order shall be transmitted to Plaintiff and to Counsel for Defendants.

SO ORDERED this 19th day of August, 2005.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE

---

[2] Title 28, United States Code, Section 1915(e)(2)(B)(i) mandates dismissal of any action filed *in forma pauperis* if the court determines that the claims raised therein are frivolous. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir.), *cert. denied*, 501 U.S. 1235, 111 S.Ct. 2863 (1991). In this case, Plaintiff's claims lack an arguable basis in law and are, therefore, frivolous.